UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT AMATRONE,<br><br>                          Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>                          Defendant. | Case No. 2:15-cv-01089-RFB-PAL<br><br>**ORDER**<br><br>(Mot. for ADA Advocate – Dkt. #21) |

This matter is before the Court on Plaintiff Robert Amatrone's Motion for ADA Advocate (Dkt. #21). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice. The Court has considered the Motion and Defendant Allstate Insurance Company's Opposition (Dkt. #23). No reply was filed.

Mr. Amatrone is proceeding in this matter *pro se*, meaning without an attorney. Pursuant to the Americans with Disabilities Act of 2008 (the "ADA"), the Motion requests an "ADA advocate" to assist him in court based on his "medical condition and disability." Although no specific statute or regulation is cited, the Motion asserts that the ADA authorizes his request. Mr. Amatrone's impairment is not specifically identified in the Motion; however, it states that he cannot travel from Florida to Nevada for any court appearances over the next three to four months.

The Motion is denied without prejudice as it fails to clearly state what type of assistance Mr. Amatrone seeks. However, this Court has previously allowed Mr. Amatrone to appear telephonically, rather than traveling to Nevada for a hearing, and instructed him to contact the courtroom deputy to make further arrangements. *See* Notice of Hearing (Dkt. #12). This option will remain available to Mr. Amatrone upon request. The Court appreciates that it is difficult for

*pro se* parties to litigate their claims.  However, Mr. Amatrone is advised to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of Practice for this Court.  He may also be able to participate in the Federal Court Ask-A-Lawyer program sponsored by the Legal Aid Center of Southern Nevada.[1]

To the extent Mr. Amatrone is requesting leave to have an "ADA advocate" appear on his behalf in a hearing, he is informed that only a licensed attorney admitted to practice before this court may do so.  An individual is entitled to represent himself in court, but non-attorneys are "not permitted to appear in court or participate in judicial proceedings as the legal representative of a party or another person." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 596 (D. Nev. 2011).  An individual engages in the "unauthorized practice of law" when he engages in activities customarily performed by licensed attorneys, which includes appearing in court on behalf of someone else. *In re Discipline of Lerner*, 197 P.3d 1067, 1071 (Nev. 2008) (citing *Taub v. Weber*, 366 F.3d 966, 970 (9th Cir. 2004)).  Although the Court is unable to identify any legal authority for the proposed ADA advocate, Mr. Amatrone is advised that he cannot delegate his right to represent himself to another person who is not a licensed attorney.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Robert Amatrone's Motion for ADA Advocate (Dkt. #21) is DENIED.
2. If Plaintiff wishes to appear telephonically for a scheduled court hearing, he is instructed to contact one of the following Courtroom Deputies:
    a. Jeff Miller, at (702) 464-5420, for any hearing before Magistrate Judge Peggy A. Leen, or

/ / /

/ / /

/ / /

/ / /

---

[1] Information about the Federal Court Ask-A-Lawyer program is available on the Legal Aid Center of Southern Nevada's website at http://www.lacsn.org/what-we-do/ask-a-lawyer or by calling 702-386-1070.

1       b. Blanca Lenzi, at (702) 464-5598, for any hearing before District Judge Richard F. Boulware, II.

Dated this 6th day of April, 2016.

                                                                      _____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE